UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NUMBER.:  0:24-CV-60635 DSL

MIKYLA ARMSTRONG,

    Plaintiff,

vs.

FLORIDA MEMORIAL UNIVERSITY, INC.,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED
COMPLAINT AND DEMAND FOR JURY TRIAL INJUNCTIVE RELIEF SOUGHT**

    Defendant, FLORIDA MEMORIAL UNIVERSITY, INC. (hereinafter "FMU"), a Florida

Not-for-Profit Corporation, by and through undersigned counsel, pursuant to Rule 12 of the

Federal Rules of Civil Procedure, hereby files its Answer[1] and Affirmative Defenses to Plaintiff's,

MIKYLA ARMSTRONG, Amended Complaint and Demand for Jury Trial Injunctive Relief

Sought [D.E. 7] (hereinafter "Amended Complaint") in support thereof, states as follows:

## I.      NATURE OF THE ACTION

    1.      FMU admits that the Plaintiff has attempted to assert a civil action pursuant to the

Fair Housing Act, 42 U.S.C. §§ 3601−3619 (hereinafter "FHA"). FMU denies, however, that FMU

has committed any acts or omissions giving rise to the claims asserted by Plaintiff within the

---

[1] For the avoidance of doubt, all allegations not expressly admitted herein are hereby denied.

**Cole, Scott & Kissane**
www.csklegal.com

Miami | Fort Lauderdale West | Fort Lauderdale East | West Palm Beach | Orlando | Jacksonville | Tampa
Bonita Springs | Naples | Pensacola | Fort Myers | Tallahassee | Key West

Amended Complaint violated any laws, and/or that Plaintiff is entitled to any relief she seeks in the Amended Complaint.

2.      Denied.

## II.      PARTIES

3.      FMU admits that Plaintiff is and has been a full-time undergraduate student at FMU and has resided in FMU-provided housing during school-terms. FMU is without sufficient knowledge to admit or deny the rest of the allegations. To the extent a response is required to these allegations, said allegations are denied.

4.      FMU admits that FMU is a Florida Not-for-Profit Corporation and a private co-educational institution of higher learning with its primary place of business and current mailing address at 15800 NW 42 Avenue, Miami Gardens, Florida 33054. FMU is without sufficient knowledge to admit or deny the allegations pertaining to its current enrollment of undergraduate students, as enrollment for the 2024–2025 academic year is ongoing.

5.      Admitted.

## III.      JURISDICTION AND VENUE

6.      FMU admits Plaintiff's allegations set forth within Paragraph 6 for venue purposes only. FMU denies, however, that FMU has committed any acts or omissions giving rise to the claims asserted by Plaintiff within the Amended Complaint, violated any laws, and/or that Plaintiff is entitled to any of the relief sought in the Amended Complaint.

7.      FMU admits Plaintiff's allegations set forth within Paragraph 7 for jurisdictional purposes only. FMU denies, however, that FMU has committed any acts or omissions giving rise to the claims asserted by Plaintiff within the Amended Complaint, violated any laws, and/or that Plaintiff is entitled to any of the relief sought in the Amended Complaint.

CASE NUMBER.:  0:24-CV-60635 DSL

8.      FMU admits Plaintiff's allegations set forth within Paragraph 8 for venue purposes only. FMU denies, however, that FMU has committed any acts or omissions giving rise to the claims asserted by Plaintiff within the Amended Complaint, violated any laws, and/or that Plaintiff is entitled to any of the relief sought in the Amended Complaint.

9.      Denied.

## IV.    FACTUAL ALLEGATIONS

10.      FMU admits that Plaintiff is and was a full-time student at FMU located at 15800 NW 42 Avenue, Miami Gardens, Florida 33054.  FMU is without sufficient knowledge to admit or deny this allegation as it pertains to Plaintiff's age and current residence. To the extent a response is required to these allegations, said allegations are denied.

11.      FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

12.      FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

13.      The allegations of this paragraph call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied.

14.      FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

15.      FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

16.      FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

17.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

18.     FMU admits that Plaintiff was a student at FMU during the 2021–2022 academic year.

19.     Admitted.

20.     FMU admits that FMU has "Residential Students Expectations and Policies," attached as Appendix A to the FMU Student Handbook, as well as Housing Agreements. FMU denies all other allegations asserted.

**A.  Initial Request for Accommodation**[2]

21.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. FMU denies that Plaintiff referred to her dog as an "assistance animal" on or around August of 2021 and/or during the 2021–2022 academic year.

22.     FMU is without sufficient knowledge to admit or deny this allegation, as said allegations are ambiguous and thus FMU is unable to formulate a response. To the extent a response is required to these allegations, said allegations are denied.

23.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

24.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. FMU denies that Plaintiff referred to her dog as an "assistance animal" in or around August of 2021 and/or during the

---

[2] To the extent Plaintiff's Title to Subsection "A" is considered an allegation, said allegation is denied.

2021–2022 academic year. The document attached as "Exhibit 1," which has been partially redacted, speaks for itself, and thus the allegations asserted are denied.

25.     The "Certification" attached as "Exhibit 1," which has been partially redacted, speaks for itself, and thus the allegations asserted are denied. The document attached as "Exhibit 2," which has been partially redacted, speaks for itself, and thus the allegations asserted are denied.

26.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 3" speaks for itself, and thus the allegations asserted are denied.

27.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

28.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

29.     Admitted that Plaintiff resided with her dog in FMU housing. FMU is without sufficient knowledge to admit or deny this allegation as it pertains to Plaintiff's reference to any "incident." To the extent a response is required to these allegations, said allegations are denied.

30.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. FMU denies that Plaintiff referred to her dog as an "assistance animal" in or around March of 2022 and/or during the 2021–2022 academic year.

31.     The document attached as "Exhibit 4" speaks for itself, and thus the allegations asserted are denied.

32.     The document attached as "Exhibit 5," which is partially redacted, speaks for itself, and thus the allegations asserted are denied.

33.     Denied.

34.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. FMU denies that Plaintiff and/or her mother referred to Plaintiff's dog as an "assistance animal" during the 2021−2022 academic year.

35.     The allegations of this paragraph call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied.

36.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

**B.  Request for Accommodation for ARMSTRONG's Second Year**[3]

37.     FMU is without sufficient knowledge to admit or deny this allegation as it pertains to Plaintiff's motives or wishes. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 6," which is partially redacted and incomplete (as the attachments to said e-mail correspondence are not included), speaks for itself, and thus the allegations asserted are denied.

38.     The document attached as "Exhibit 7," which is partially redacted, speaks for itself, and thus the allegations asserted are denied.

39.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 7," which is partially redacted, speaks for itself, and thus the allegations asserted are denied.

---

[3] To the extent that Plaintiff's Title of Subsection "B" is considered an allegation, said allegation is denied.

40.     The document attached as "Exhibit 8" speaks for itself, and thus the allegations asserted are denied.

41.     The document attached as "Exhibit 9," which is partially redacted, speaks for itself and thus the allegations asserted are denied.

42.     The allegations of this paragraph call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 10," which is partially redacted, speaks for itself, and thus the allegations asserted are denied.

43.     FMU is without sufficient knowledge to admit or deny this allegation as it pertains to Plaintiff's mother's motives. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 11," which is partially redacted and incomplete, speaks for itself, and thus the allegations asserted are denied.

44.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

45.     The Exhibit referenced in Paragraph 45 as Exhibit "12" is identical to the document attached as Exhibit "11," and the document marked as Exhibit "12" does not align with the date indicated in the allegations contained in Paragraph 45 incorporating such Exhibit, thus, the allegations contained in Paragraph 45 are denied.

46.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

47.     The allegations of this paragraph call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied.

48.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 13," which is partially redacted and incomplete, speaks for itself, and thus the allegations asserted are denied.

### C. Second Accommodation Request Granted Temporarily[4]

49.     FMU denies that Plaintiff referred to her dog as an "assistance animal" in or around August of 2022. The document attached as "Exhibit 14" speaks for itself, and thus the allegations asserted are denied.

50.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

### D. Denial of Request for Alternative Housing as Accommodation.[5]

51.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. FMU denies that Plaintiff referred to her dog as an "assistance animal" during the 2022−2023 academic year.

52.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. FMU denies that Plaintiff referred to her dog as an "assistance animal" during the 2022−2023 academic year.

53.     Denied.

54.     Denied.

---

[4] To the extent that Plaintiff's Title of Subsection "C" is considered an allegation, said allegation is denied.
[5] To the extent that Plaintiff's Title of Subsection "D" is considered an allegation, said allegation is denied.

55.     Denied. FMU denies that Plaintiff referred to her dog as an "assistance animal" during the 2022–2023 academic year.

**E.   FMU Demands that ARMSTRONG Renew her "Expired" Accommodation**[6]

56.     The document attached as "Exhibit 15," which appears not to be in its native or complete state, speaks for itself, and thus the allegations asserted are denied.

57.     The document attached as "Exhibit 15," which appears not to be in its native or complete state, speaks for itself, and thus the allegations asserted are denied.

58.     The document attached as "Exhibit 15," which appears not to be in its native or complete state, speaks for itself, and thus the allegations asserted are denied.

59.     The allegations of this paragraph call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 15," which appears not to be in its native or complete state, speaks for itself, and thus the allegations asserted are denied.

60.     The allegations of this paragraph call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 15," which appears not to be in its native or complete state, speaks for itself, and thus the allegations asserted are denied.

61.     The document attached as "Exhibit 15," which appears not to be in its native or complete state, speaks for itself, and thus the allegations asserted are denied.

62.     The document attached as "Exhibit 16," which is partially redacted, speaks for itself and thus the allegations asserted are denied.

---

[6] To the extent Plaintiff's Title of Subsection "E" is considered an allegation, said allegation is denied.

### E.  FMU Explicitly Denied ARMSTRONG an Accommodation for Chanel[7]

63.   The document attached as "Exhibit 17," which is partially redacted, speaks for itself, and thus the allegations asserted are denied.

64.   FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 18" speaks for itself, and thus the allegations asserted are denied.  FMU denies that Plaintiff referred to her dog as an "assistance animal" prior to the 2023–2024 academic year.

65.   FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. FMU denies that Plaintiff referred to her dog as an "assistance animal" prior to the 2023–2024 academic year.

66.   The document attached as "Exhibit 19," which is partially redacted, speaks for itself, and thus the allegations asserted are denied.

67.   FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

68.   The document attached as "Exhibit 20," which is partially redacted, speaks for itself, and thus the allegations asserted are denied.

69.   FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

70.   FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

---

[7] To the extent Plaintiff's Title of the second, Subsection numbered "E" is considered an allegation, said allegation is denied.

71.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 21" speaks for itself and thus the allegations asserted are denied.

72.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

73.     Denied.

74.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 22," which is partially redacted, speaks for itself, and thus the allegations asserted are denied.

**F.  FMU Again Denied ARMSTRONG an Accommodation for Chanel[8]**

75.     The document attached as "Exhibit 23" speaks for itself and thus the allegations asserted are denied.

76.     Denied. The document attached as "Exhibit 24," which is partially redacted and incomplete, speaks for itself, and thus the allegations asserted are denied.

77.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. FMU denies that Plaintiff referred to her dog as an "assistance animal" on or about November 4, 2023, or at any time prior to November 4, 2023.

---

[8] To the extent Plaintiff's Title of Subsection "F" is considered an allegation, said allegation is denied.

78.     FMU denies that Plaintiff and/or her mother referred to Plaintiff's dog as an "assistance animal" on or about November 4, 2023, or at any time prior to November 4, 2023. The document attached as "Exhibit 25" speaks for itself and thus the allegations asserted are denied.

### G.  FMU Demands ARMSTRONG Remove Chanel from campus[9]

79.     The document attached as "Exhibit 26" speaks for itself, and thus the allegations asserted are denied.

80.     The document attached as "Exhibit 25" referenced within Paragraph 80 speaks for itself, and thus the allegations asserted are denied.

81.     The document attached as "Exhibit 27," which is partially redacted, speaks for itself and thus the allegations asserted are denied.

82.     Denied. The document attached as "Exhibit 28," which is partially redacted, speaks for itself, and thus the allegations asserted are denied.

83.     The allegations in Paragraph 83 call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied. The document attached as "Exhibit 29," which is partially redacted and incomplete, speaks for itself, and thus the allegations asserted are denied.

84.     FMU admits Plaintiff was issued a fine for violation of FMU's policy, otherwise these allegations are denied.  FMU denies that Plaintiff referred to Plaintiff's dog as an "assistance animal" on or around November 13, 2023, or at any time prior to November 13, 2023.  The document attached as "Exhibit 30," which is incomplete, speaks for itself, and thus the allegations asserted are denied.

---

[9] To the extent Plaintiff's Title of Subsection "G" is considered an allegation, said allegation is denied.

85.     The allegations in Paragraph 85 call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied.

86.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

**H.  Accommodation Granted only After ARMSTRONG Retains Counsel**[10]

87.     The document attached as "Exhibit 31," which is incomplete, speaks for itself, and thus the allegations asserted are denied.

88.     The document attached as "Exhibit 32," speaks for itself, and thus the allegations asserted are denied.

89.     The document attached as "Exhibit 33," which is an incomplete version of FMU's Student Handbook for the 2023-2024 academic year, speaks for itself, and thus the allegations asserted are denied. Moreover, the complete version of the FMU Student Handbook for the 2023-2024 academic year speaks for itself, and the allegations asserted are further denied.

90.     Since Plaintiff is quoting a document that has not been attached or incorporated into the Amended Complaint, FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

91.     Denied.

92.     Denied. FMU denies that Plaintiff referred to Plaintiff's dog as an "assistance animal" prior to Plaintiff's counsel's correspondence to FMU on or about November 27, 2023. [D.E. 7-31].

93.     Denied.

---

[10] To the extent Plaintiff's Title of Subsection "H" is considered an allegation, said allegation is denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

103.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

104.    Denied.

105.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

## V.     CAUSES OF ACTION

### COUNT I
### MAKING A DWELLING UNAVAILABLE BECAUSE OF A HANDICAP

106.    FMU adopts and realleges its response to Paragraphs 1–105 as though fully set forth herein.

107.    Denied.

108.    Denied.

109.    Denied. FMU denies that Plaintiff referred to Plaintiff's dog as an "assistance animal" prior to Plaintiff's counsel's correspondence to FMU on or about November 27, 2023. [D.E. 7-31].

110.    Denied. FMU denies that Plaintiff referred to Plaintiff's dog as an "assistance animal" prior to Plaintiff's counsel's correspondence to FMU on or about November 27, 2023. [D.E. 7-31].

111.    Denied.

112.    Denied.

113.    Denied.

114.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

115.    Denied.

116.    Denied.

In response to the unnumbered WHEREFORE paragraph following Paragraph 116 of the Amended Complaint, FMU denies that Plaintiff is entitled to any relief in this matter whatsoever.

WHEREFORE, Defendant, FLORIDA MEMORIAL UNIVERSITY, INC., denies that Plaintiff is entitled to damages, declaratory relief, reasonable attorneys' fees and costs, or any other relief requested in Plaintiff's Amended Complaint, or based on any cause of action within the Amended Complaint, including the Wherefore Clause, and FMU requests all relief to which it is entitled, including, but not limited to, attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2) on all issues to which it is a prevailing party, and any other relief which this Honorable Court deems appropriate and necessary.

**COUNT 2**
**PUBLICATIONS INDICATING PREFERENCE, LIMITATION, OR**
**DISCRIMINATION BASED ON HANDICAP**

117.    FMU adopts and realleges its response to Paragraphs 1–20, 42, 56–61, and 98–105 as though fully set forth herein.

118.    FMU admits that FMU has "Residential Students Expectations and Policies", attached as Appendix A to the FMU Student Handbook, as well as Housing Agreements. FMU denies all other allegations asserted.

119.    Denied.

120.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

121.    Denied.

122.    Denied.

In response to the unnumbered WHEREFORE paragraph following Paragraph 122 of the Amended Complaint, FMU denies that Plaintiff is entitled to any relief in this matter whatsoever.

WHEREFORE, Defendant, FLORIDA MEMORIAL UNIVERSITY, INC., denies that Plaintiff is entitled to damages, declaratory relief, reasonable attorneys' fees and costs, or any other relief requested in Plaintiff's Amended Complaint, or based on any cause of action within the Amended Complaint, including the Wherefore Clause, and FMU requests all relief to which it is entitled, including, but not limited to, attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2) on all issues to which it is a prevailing party, and any other relief which this Honorable Court deems appropriate and necessary.

**COUNT 3**
**ILLEGAL INTIMIDATION AND INTERFERENCE BECAUSE PLAINTIFF**
**EXCERCISED HER FAIR HOUSING RIGHTS**

123.    FMU adopts and realleges its response to Paragraphs 1−105 as though fully set forth herein.

124.    Denied.

125.    Denied. FMU denies that Plaintiff and/or her mother referred to Plaintiff's dog as an "assistance animal" prior to Plaintiff's counsel's correspondence to FMU on or about November 27, 2023. [D.E. 7-31].

126.    The allegations of Paragraph 126 call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied.

127.    FMU denies these allegations, including the allegations contained in all subparts.

128.    The allegations of Paragraph 128 call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied.

129.    Denied.

130.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

In response to the unnumbered WHEREFORE paragraph following Paragraph 130 of the Amended Complaint, FMU denies that Plaintiff is entitled to any relief in this matter whatsoever.

WHEREFORE, Defendant, FLORIDA MEMORIAL UNIVERSITY, INC., denies that Plaintiff is entitled to damages, declaratory relief, reasonable attorneys' fees and costs, or any other relief requested in Plaintiff's Amended Complaint, or based on any cause of action within the Amended Complaint, including the Wherefore Clause, and FMU requests all relief to which it is entitled, including, but not limited to, attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2)

CASE NUMBER.:  0:24-CV-60635 DSL

on all issues to which it is a prevailing party, and any other relief which this Honorable Court deems appropriate and necessary.

**COUNT 4**
**<u>FAILURE TO ACCOMMODATE ARMSTRONG'S NEED FOR ALTERNATIVE</u>**
**<u>HOUSING</u>**

131.    FMU adopts and realleges its response to Paragraphs 1–20, 98, and 100–105 as though fully set forth herein.

132.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

133.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

134.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

135.    Denied.

136.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

137.    Denied.

138.    Denied.

139.    The allegations of Paragraph 139 call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

WHEREFORE, Defendant, FLORIDA MEMORIAL UNIVERSITY, INC,. denies that Plaintiff is entitled to damages, declaratory relief, reasonable attorneys' fees and costs, or any other relief requested in Plaintiff's Amended Complaint, or based on any cause of action within the Amended Complaint, including the Wherefore Clause, and FMU requests all relief to which it is entitled, including, but not limited to, attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2) on all issues to which it is a prevailing party, and any other relief which this Honorable Court deems appropriate and necessary.

### COUNT 6[11]
### FAILURE TO ACCOMMODATE ARMSTRONG'S NEED FOR AN EMOTIONAL SUPPORT ANIMAL

144.    FMU adopts and realleges its response to Paragraphs 1–50 and 56–105 as though fully set forth herein.

145.    Denied. FMU denies that Plaintiff and/or her mother referred to Plaintiff's dog as an "assistance animal" prior to Plaintiff's counsel's correspondence to FMU on or about November 27, 2023. [D.E. 7-31].

146.    Denied. FMU denies that Plaintiff and/or her mother referred to Plaintiff's dog as an "assistance animal" prior to Plaintiff's counsel's correspondence to FMU on or about November 27, 2023. [D.E. 7-31].

147.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

---

[11] While Count 5 is improperly labeled as "Count 6," to maintain consistency with Plaintiff's Amended Complaint, FMU refers to this Count as "6."

148.    Denied.

149.    Denied.

150.    Denied.

151.    The document referenced and quoted within Paragraph 151 speaks for itself and thus the allegations asserted are denied.

152.    The document referenced and quoted within Paragraph 152 speaks for itself and thus the allegations asserted are denied.

153.    The document referenced and quoted within Paragraph 153 Speaks for itself and thus the allegations asserted are denied.

154.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. FMU denies that Plaintiff and/or her mother referred to Plaintiff's dog as an "assistance animal" prior to Plaintiff's counsel's correspondence to FMU on or about November 27, 2023. [D.E. 7-31].

155.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied. The document referenced within Paragraph 155 speaks for itself, and thus the allegations asserted are denied.

156.    The document referenced and quoted within Paragraph 156 speaks for itself, and thus the allegations asserted are denied.

157.    The document referenced within Paragraph 157 speaks for itself, and thus the allegations asserted are denied.

158.    The document referenced and quoted within Paragraph 158 speaks for itself, and thus the allegations asserted are denied.

159.     The document referenced and quoted within Paragraph 159 speaks for itself, and thus the allegations asserted are denied.

160.     The document referenced and quoted within Paragraph 160 speaks for itself and thus the allegations asserted are denied.

161.     FMU admits Plaintiff was issued a fine for violation of FMU's policy, otherwise these allegations are denied.  FMU denies that Plaintiff referred to Plaintiff's dog as an "assistance animal" on or around November 13, 2023. The document referenced and quoted within Paragraph 161 speaks for itself, and thus the allegations asserted are denied.

162.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

163.     Denied.

164.     Denied.

165.     Denied. FMU denies that Plaintiff and/or her mother referred to Plaintiff's dog as an "assistance animal" prior to Plaintiff's counsel's correspondence to FMU on or about November 27, 2023. [D.E. 7-31].

166.     Denied.

167.     The allegations in Paragraph 167 call for legal conclusions to which no response is required. To the extent a response is required to these allegations, said allegations are denied.

168.     Denied.

169.     Denied.

170.     Denied.

171.     FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

In response to the unnumbered WHEREFORE paragraph following Paragraph 171 of the Amended Complaint, FMU denies that Plaintiff is entitled to any relief in this matter whatsoever.

WHEREFORE, Defendant, FLORIDA MEMORIAL UNIVERSITY, INC., denies that Plaintiff is entitled to damages, declaratory relief, reasonable attorneys' fees and costs, or any other relief requested in Plaintiff's Amended Complaint, or based on any cause of action within the Amended Complaint, including the Wherefore Clause, and FMU requests all relief to which it is entitled, including, but not limited to, attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2) on all issues to which it is a prevailing party, and any other relief which this Honorable Court deems appropriate and necessary.

## VI.    THIS COURT'S POWER TO GRANT RELIEF

172.    FMU adopts and realleges its response to Paragraphs 1–105 as though fully set forth herein.

173.    FMU is without sufficient knowledge to admit or deny this allegation. To the extent a response is required to these allegations, said allegations are denied.

174.    FMU admits Plaintiff's allegations set forth within Paragraph 174 for jurisdictional purposes only. FMU denies, however, that FMU has committed any acts or omissions giving rise to the claims asserted by Plaintiff within the Amended Complaint, violated any laws, and/or that Plaintiff is entitled to any of the relief sought in the Amended Complaint.

## VII.    PRAYER FOR RELIEF

In response to the unnumbered WHEREFORE paragraph following the section titled "PRAYER FOR RELIEF" of the Amended Complaint, FMU denies all allegations asserted therein, including all subparts, and further denies that Plaintiff is entitled to any relief in this matter whatsoever.

WHEREFORE, Defendant, FLORIDA MEMORIAL UNIVERSITY, INC., denies that Plaintiff is entitled to damages, declaratory relief, reasonable attorneys' fees and costs, or any other relief requested in Plaintiff's Amended Complaint, or based on any cause of action within the Amended Complaint, including the Wherefore Clause, and FMU requests all relief to which it is entitled, including, but not limited to, attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2) on all issues to which it is a prevailing party, and any other relief which this Honorable Court deems appropriate and necessary.

## DEMAND FOR JURY TRIAL

FMU hereby demands a trial by jury with respect to all claims so triable.

## AFFIRMATIVE DEFENSES

### A. Facts Common to and Incorporated into All Affirmative Defenses:

FMU is one of the oldest higher education institutions in Florida, and the only Historically Black University in South Florida. "It is the policy of FMU not to engage in discrimination or harassment against any person because of race, color, religion or creed, sex, pregnancy, national or ethnic origin, disability status, age, ancestry, martial status, sexual orientation, veterans status, political beliefs or affiliations and to comply with all federal and state non-discrimination, equal opportunity and affirmative action laws, orders and regulations." (FMU Student Handbook,[12] Non-Discrimination Statement, p. 52 at Plt. Am. Compl. at Ex. 33 [D.E. 7-33]). FMU also "seeks to fully comply with federal guidelines for accommodating the diverse needs of its students by providing equal access to academic support services pursuant to the ADA[;]" however, "[i]t is the student's responsibility to identify him or herself," and provide "valid documentation of a legally

---

[12] Hereinafter "HB."

valid disability in order to receive accommodations." (FMU Student HB, ADA Accessibility Reasonable Accommodations Policy, p. 53 at Plt. Am. Compl. at Ex. 33 [D.E. 7-33]).

FMU's Code of Conduct sets forth expectations for student behavior, as FMU expects its students to exemplify not only academic excellence, but also good citizenship. (FMU Student HB, Code of Conduct, p. 27). FMU is responsible for protecting the "academic integrity, health, welfare, safety, rights, and property of the University." (*Id*.)  Thus, FMU expects students to "assume responsibility for their actions." (*Id*.) Among such student responsibilities is the "responsibility to cooperate and respect University administrators, faculty, staff, and contracted personnel in the performance of their authorized duties." (*Id*. at 28).

At FMU, "any currently enrolled undergraduate student is eligible for on-campus housing" based on availability. (FMU Student HB, Housing and Residence Life, p. 24).  Students must apply for housing each academic year and on-campus housing closes at the end of the fall, spring, and summer terms; that is, once a housing hall closes at the end of a term, students "must vacate" their rooms within 24 hours of his/her last exam. (FMU Student HB, Residence Life Guidelines, p. 24; On-Campus Housing Occupancy Periods, p. 77). In addition to compliance with the Residence Life Guidelines set forth in the Student Handbook, "students living in residential facilities at FMU are provided with an expanded list of residential policies, guidelines, and procedures in the Residence Life Policy and Procedures Manual found in Appendix A of the Student Handbook," as well as a housing contract or agreement. (FMU Student HB, Residence Life Guidelines, pp. 24-25). FMU's housing is limited – there are only two halls for freshman students (one for only males and the other only for females) and four upper classmen halls.

Per FMU's housing policies, freshman students are required to live in the freshman-only hall. FMU's Residence Life Guidelines explicitly provide that "students are prohibited from

bringing pets into the residence halls."  (*See* No. 7).  In addition, once approved for housing and assigned to a room, FMU's Room Change policy provides that no room change can be made without written approval of the Office of Housing and Residence Life and move requests are processed on a "first come, first served basis."  (FMU Student HB, Room Change, p. 73).

Upon acceptance at FMU, applying for housing and paying the required deposit, Plaintiff was assigned to a freshman hall in accordance with FMU housing policies.  Early in the fall of the 2021-2022 academic year, Plaintiff provided FMU with a certificate that said she had a "service dog." (Plt. Am. Compl. at Ex. 1-2 [D.E. 7-1]; [D.E. 7-2]).   However, since Plaintiff's disability was not readily apparent and – at that time – was unknown to FMU, Plaintiff was asked to provide reliable documentation of a disability and her disability-related need for her "service dog." Plaintiff submitted a letter identifying her dog as "emotional support animal."  (Plt. Am. Compl. Ex. 3 [D.E. 7-3]).  FMU asked Plaintiff to provide reliable documentation of her disability and her disability-related need for her emotional support animal (hereinafter "ESA"). Thereafter, and without FMU requesting the same, Plaintiff's mother (despite Plaintiff being an adult FMU student) sent FMU evidence of paying for some unknown type of training for Plaintiff's dog and a copy of a card identifying Plaintiff's dog as a "service dog."  (Plt. Am. Compl. Ex. 21, 22 [D.E. 7-21]; [D.E. 7-22]).  As a result, FMU asked Plaintiff (1) "is the dog a service animal required because of [Plaintiff's] disability?" and (2) "what work or task has the dog been trained to perform?" which were later answered by Plaintiff's mother (despite Plaintiff being an adult FMU student). (Plt. Am. Compl. Ex. 29 [D.E. 7-29]).

FMU denies discriminating and/or retaliating against Plaintiff.  FMU asserts that Plaintiff misinformed FMU about the status of her dog, changing her position from service dog, to an emotional service animal (hereinafter "ESA"), back to service dog, which caused confusion among

FMU's different departments.  When Plaintiff identified her dog as an ESA, FMU sought reliable documentation of Plaintiff's disability and her disability-related need for her ESA.  And, when Plaintiff changed the designation of her dog from an ESA to a service dog, FMU sought to know what work or task the dog had been trained to perform.  FMU asserts that Plaintiff sought accommodation of multiple FMU policies, not all of which were reasonable.  For example, due to FMU's limited housing, an insufficient number of single rooms are available. Thus, Plaintiff's request for a single room would have fundamentally altered the nature of the housing arrangements.  FMU further asserts that any disciplinary violations issued against Plaintiff were not retaliatory, but rather legitimate and non-discriminatory based on Plaintiff's violation of FMU's Code of Conduct (FMU Student HB, Code of Conduct p. 29); specifically:  (1) Plaintiff's "unauthorized entry or use of University facilities or trespassing on University-owned property" (No. 5 at p. 29); (2) Plaintiff's failure to "comply with directions of University personnel, Campus Safety, or any other law enforcement officers acting in the performance of their duties" (No. 10 at p. 29); (3) Plaintiff's "unauthorized entry to or use of University premises" (No. 16 at p. 30); (4) Plaintiff's "failure to comply with the University Housing and Residence Life visitation policy" (No. 21(j) at p. 31); and (5) Plaintiff's failure to comply with "fire safety procedures" (pp. 70-71).

## B. Affirmative Defenses:

Without admitting that FMU bears the burden of proof as to any defenses in this action, FMU states the following:

1.     Plaintiff's claims are barred, as FMU did not interfere with any rights of Plaintiff under the Fair Housing Act ("FHA") and FMU fully performed its obligations under the FHA.

2.      At all times material hereto, FMU provided reasonable accommodations for on-campus housing students, including Plaintiff, who required, needed, or requested "service animals" and/or "emotional support" animals and/or assistance animals.

3.      At all times material hereto, FMU provided Plaintiff with various reasonable accommodations with respect to the Plaintiff's alleged assistance animal.

4.      At all times material hereto, FMU engaged in a good-faith dialogue with Plaintiff in an effort to ensure that Plaintiff's needs were met while still respecting the needs and rights of other on-campus housing students.

5.      Any denial of Plaintiff's request for an accommodation of alternate housing was justified because the accommodation requested would have caused an undue administrative and expense upon FMU and would have been or a fundamental alteration of the nature of FMU's on-campus housing arrangements.

6.      Any alleged adverse actions taken by FMU regarding Plaintiff's request for accommodations were taken in good faith, for legitimate and non-discriminatory reasons.

7.      At all times material hereto, FMU had a reasonable, good-faith belief that it was not violating the FHA.

8.      At all times material hereto, no actions taken by FMU were taken with any malice, or with any intent to cause the Plaintiff any alleged harm.

9.      Plaintiff's claims, in whole or in part, are barred to the extent Plaintiff was offered an alternative reasonable accommodation for on-campus housing, and Plaintiff rejected same.

10.     Plaintiff's claims, in whole or in part, are barred by the doctrine of waiver because Plaintiff was offered an alternative reasonable accommodation for on-campus housing, and Plaintiff accepted and was in agreement with the same.

11.     At the time Plaintiff represented her dog was an ESA, Plaintiff failed to demonstrate that the requested accommodation was necessary to ameliorate the effects of her non-visible disability and failed to establish a direct link between the requested accommodation and the equal opportunity to be provided.

12.     At the time Plaintiff represented her dog was a service animal, Plaintiff was not in control or handling her dog, rather a third party was handling or controlling her dog.

13.     Upon information and belief, Plaintiff regularly travels and resides in alternate housing without her alleged service animal and/or ESA and/or assistance animal and thus, Plaintiff's requests for the accommodations at issue were merely convenient, desired personal preferences of Plaintiff rather, than necessary.

14.     FMU's actions are protected by the Business Judgment Rule. At all times material hereto, any decisions regarding Plaintiff's emotional support animal and/or service animal and/or assistance animal were made upon the exercise of  reasonable business judgment after making an individualized, fact-specific assessment of the situation and engaging in an interactive process with Plaintiff.

CASE NUMBER.:  0:24-CV-60635 DSL

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this <u>27th</u> day of June, 2024, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
*Attorneys for Defendant Florida Memorial University, Inc.*
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
E-Mail: jennifer.ruiz@csklegal.com
E-Mail: natalia.morales@csklegal.com
Telephone: 305-350-5367
Facsimile:  305-373-2294

By:    s/ JENNIFER V. RUIZ
      JENNIFER V. RUIZ
      FBN:  42761
      NATALIA MORALES
      FBN: 1038779

**SERVICE LIST**
**Mikyla Armstrong v. Florida Memorial University, Inc.**
**Case Number:  0:24-cv-60635 DSL**
**United States District Court, Southern District of Florida**
**Ft. Lauderdale Division**

| | |
|---|---|
| **Denese Venza, Esq.**<br>Venza Law, PLLC<br>931 Village Boulevard<br>#905-322<br>West Palm Beach, Florida  33409<br>E-Mail:  dvenza@venzalawpllc.com<br>*Served via transmission of Notice of Electronic Filing generated by CM/ECF*<br>***Lead Counsel for Plaintiff, Mikyla Armstrong*** | **Marcy I. Lahart, Esq.**<br>Marcy I. Lahart, PA<br>249 SE Tuscawilla Rd.<br>Minocopy, Florida  32667-4222<br>E-Mail:  Marcy@floridaanimallawyer.com<br>*Served via transmission of Notice of Electronic Filing generated by CM/ECF*<br>***Lead Counsel for Plaintiff, Mikyla Armstrong*** |
| **Jennifer V. Ruiz, Esq.**<br>**Natalia Morales, Esq.**<br>Cole, Scott & Kissane, P.A.<br>9150 South Dadeland<br>Ste. 1400<br>Miami, Florida  33156<br>E-Mail:  jennifer.ruiz@csklegal.com<br>E-Mail:  natalia.morales@csklegal.com<br>*Served via transmission of Notice of Electronic Filing generated by CM/ECF*<br>***Lead Counsel for Defendant, Florida Memorial University, Inc.*** | |